# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDDIE TATE** | : | CIVIL ACTION |
| *Petitioner, pro se* | : | |
| | : | NO. 17-4577 |
| v. | : | |
| | : | |
| **TAMMY FERGUSON**, *et al.* | : | |
| *Respondents* | : | |

# O R D E R

**AND NOW**, this 8th day of October 2019, upon consideration of the *pro se* petition for writ of *habeas corpus* filed by Petitioner Eddie Tate ("Petitioner") pursuant to 28 U.S.C. § 2254 (the "Petition"), [ECF 1], Petitioner's memorandum in support, [ECF 3], the response filed by Respondents, [ECF 7], the state court record, the *Report and Recommendation* (the "R&R") issued by the Honorable Richard A. Lloret, United States Magistrate Judge ("the Magistrate Judge"), [ECF 10], which recommended that the Petition be denied, and Petitioner's objections to the R&R, [ECF 14], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R") is **APPROVED** and **ADOPTED**;

2. The objections to the R&R are without merit and are **OVERRULED**;[1]

---

[1] In his *habeas corpus* petition, Petitioner asserts the following claims: ineffective assistance of pre-trial, trial, and appellate counsel; prosecutorial and police misconduct; and actual innocence. The Magistrate Judge issued a thoroughly well-reasoned thirty-six page R&R in which each of Petitioner's claims were addressed and rejected.

In the objections to the R&R, Petitioner reiterates the same arguments of ineffective assistance of counsel made in the Petition without specifying or identifying the error(s) allegedly committed by the Magistrate Judge. [ECF 14]. Local Rule 72.1(IV)(b) requires that written objections to reports and recommendations "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." Petitioner also faults the Magistrate Judge for overlooking the resulting constitutional violations caused by the lack of *Miranda*

3. Petitioner's petition for a writ of *habeas corpus*, [ECF 1], is **DENIED**; and

4. No probable cause exists to issue a certificate of appealability.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

warnings and the use of his non-suppressed statement at trial, but again fails to show how these claims were exhausted and not procedurally defaulted. Notwithstanding, the Magistrate Judge meticulously analyzed these claims in various possible scenarios, and correctly determined that the claims were either procedurally defaulted or without merit. It is apparent that Petitioner is dissatisfied with the Magistrate Judge's report and has merely filed his objections in an attempt to re-litigate the various arguments raised in his Petition. In its *de novo* review of Petitioner's objections, this Court finds no error in the Magistrate Judge's thorough analysis of Petitioner's claims. Accordingly, the R&R is adopted and approved in its entirety, and Petitioner's objections are overruled.

[2] A district court may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). For the reasons set forth in the R&R, this Court concludes that no probable cause exists to issue such a certificate in this action because Petitioner has not made a substantial showing of the denial of any constitutional right. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment "debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, there is no basis for the issuance of a certificate of appealability.

